WALTER E. COWLES vs. SPRINGFIELD GAS LIGHT COMPANY.

CHARLES COWLES vs. SAME.

HENRY GIROUX vs. SAME.

Hampden.    November 10, 1919. — January 9, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Negligence*, In use of highway, In coasting, Motor vehicle. *Municipal Corporations*, By-laws and ordinances. *Springfield. Practice, Civil*, Requests, rulings and instructions.

In an action of tort by a boy against the owner of a motor vehicle for personal injuries caused by a collision of the motor vehicle with a "double ripper," upon which the plaintiff with other boys was coasting upon a city street, there was evidence tending to show that coasting on the street was permitted by an ordinance of the city, that the street was covered with hard snow and ice, that there were eight or ten "rippers" on the hill, that besides the plaintiff there were five other boys on the double ripper, which was steered by one of the five, that it was not equipped with any means of stopping, that the boys were shouting loudly, that when they started down the hill there was a clear passageway, that they proceeded on the right hand side of the street, that, as they came down the hill, the defendant's motor vehicle came from a side street on their left, across a street car track and part of the street, going about thirty miles an hour, that the sled was going about fourteen miles an hour, that the boys tried to stop it, but the collision occurred. *Held,* that there was evidence for the jury on the question of negligence of the defendant's driver and of due care of the plaintiff.

Section 39 of c. 37 of the Revised Ordinances of the city of Springfield, providing, among other things, that no person shall coast on any of certain streets, which are specifically named, was intended to exclude the act of coasting on the streets not named in § 39 from the provisions of § 37 of the ordinance, which in substance prohibits engaging in any "game, amusement, or exercise interfering with the free, safe, and convenient use of such street or highway by any person traveling or passing along the same;" so that § 37 does not prohibit coasting on streets not named in § 39 even if such coasting interferes with the free, safe and convenient use of such a street or highway by any person travelling or passing along the same.

In the action above described the defendant was entitled to have the jury instructed that the plaintiff could not recover unless he proved by a fair preponderance of all the evidence that the boy steering the sled was in the exercise of due care, and that there was no presumption in favor of the plaintiff that such steerer was in the exercise of due care.

Instructions to the jury by the trial judge at the trial of the action above described were held not to give in terms or in unmistakable language the instruction to which the defendant was entitled, so that exceptions of the defendant were sustained.

THREE ACTIONS OF TORT for personal injuries received by the plaintiffs when a "double ripper," upon which they were coasting on Dickinson Street in Springfield, came into collision with a motor vehicle driven by an employee of the defendant. Writs dated May 22, 1915.

In the Superior Court the actions were tried together before *Aiken,* C. J. The material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor in each action for one of the following reasons:

"1. On all the evidence the plaintiff is not entitled to recover.

"2. On all the evidence the plaintiff received his alleged injury while engaged in an amusement or exercise interfering with the free, safe and convenient use of a street or highway by a person traveling or passing along the same, in violation of § 37 of c. 37 of the Revised Ordinances of the city of Springfield, and such violation directly and proximately contributed to the occurrence on which the plaintiff's action is founded."

The defendant also asked that the following instructions be given to the jury in each action:

"1. Coasting is an amusement or exercise within the meaning of § 37 of c. 37 of the Revised Ordinances of the city of Springfield.

"2. When the use of any street or highway in the city of Springfield for coasting, interferes with the free, safe and convenient use of such street or highway by any person traveling or passing along the same, then coasting is prohibited by § 37 of c. 37 of the Revised Ordinances of the city of Springfield.

"3. If the jury find that the plaintiff's coasting on Dickinson Street interfered with a free, safe and convenient use of such street by a person traveling or passing along the same, then the jury must find that the plaintiff was violating an ordinance of the city of Springfield.

"4. If the jury find that the plaintiff was violating an ordinance of the city of Springfield, and such violation contributed directly and proximately to the accident for which he is suing, he cannot recover."

"6. There is no presumption in favor of the plaintiff that Eugene Giroux was in the exercise of due care.

"7. The plaintiff cannot recover unless he proves by a fair preponderance of all the evidence that Eugene Giroux was in the exercise of due care."

The motion was denied and the requests were refused. The jury found for the plaintiff in the first action in the sum of $2,000, for the plaintiff in the second action in the sum of $500, and for the plaintiff in the third action in the sum of $1,000; and the defendant alleged exceptions.

The cases were submitted on briefs.

*W. H. Brooks, J. P. Kirby & D. H. Keedy,* for the defendant.

*G. D. Cummings, G. F. Leary & P. E. Tierney,* for the plaintiffs.

PIERCE, J.  These are three actions of tort to recover damages for personal injuries sustained by each of the plaintiffs by reason of a collision between an automobile and a "double ripper" upon which, on January 1, 1915, they were coasting down Dickinson Street hill in the city of Springfield.  The answer of the defendant in each action is a general denial, the affirmative defence of contributory negligence, and the violation of an ordinance of the city of Springfield.

It appeared from the evidence that Dickinson Street was a street which by an ordinance was permitted to be used for coasting; that on the day of the accident it was covered with hard snow and ice; that there were eight or ten "rippers" on the hill; that the three plaintiffs with three other boys were on one of the "rippers;" that one Eugene Giroux, fifteen years old, was steering it and sat in front; that the plaintiff Walter E. Cowles was on the end; that it was eight feet long; that it was equipped with no device or contrivance for stopping it; that ropes attached to its front sled were its only means of steerage; that the boys were "hollering" as loud as they could for the enjoyment as they came down the hill; that when they started at the top of the hill there was a clear passageway going down the right hand side of the hill with the car track on their left and the easterly curbing on the right; that as they came down the hill the automobile of the defendant came out from Locust Street across Dickinson Street and the tracks of the street railway; that the "ripper" was going "about fourteen miles an hour" and the automobile much faster; that they dragged their feet in an attempt to stop the "ripper"; that the automobile did not decrease its speed, which the jury could find was thirty

miles an hour, but kept on a straight course until the collision. A witness for the defendant testified that he drove the automobile in low speed across the tracks; that he looked up the hill before he started across; that there was nothing on the hill except a crowd of boys at the top; that when "I got just across the tracks I saw the 'double ripper' about half way down the hill, coming down on its right-hand side of the car tracks, about two feet distant therefrom, and coming at a speed of not less than thirty miles an hour;" that "I saw that I could n't make it ahead of them, so I turned to my right to go up Dickinson Street, to give him [the driver of the ripper] his side of the road. He then turned to the left, then I swung to my left to get out of his way, as it was the only chance I had. I kept going as fast as I could, to get out of his way, but he struck the rear right tire of my car." At the close of the evidence the defendant moved for a directed verdict, and duly excepted to the refusal of the presiding judge to grant it.

The ruling was right. Considered alone, the evidence for the plaintiffs was sufficient to sustain a jury finding of due care of the plaintiffs and of negligence of the defendant.

The defendant introduced in evidence, without objection, § 37 of c. 37 of the Revised Ordinances of the city of Springfield which reads as follows:

"No person shall, within the limits of any street or highway in the city, play at any game of ball, or fly any kite or balloon, or throw any stone or other missile, or engage in any other game, amusement, or exercise interfering with free, safe, and convenient use of such street or highway by any person traveling or passing along the same."

The plaintiffs introduced in evidence § 39 of the aforesaid ordinances which reads as follows:

"No person shall course, coast, or slide upon any sled, board, or other thing, upon any sidewalk or footwalk in the city. No person shall course, coast, or slide on any sleigh, sled, or any other vehicle, in, along, or upon the streets and portion of streets hereinafter named, to wit: . . ." Dickinson Street is not among the streets enumerated.

The words "No person shall play at ball, or fly any kites or balloons, or throw stones or other missiles in or upon any public

street, common, or other ground belonging to the city," first appeared in § 18 of the Ordinances of the city of Springfield enacted in 1853.   Thereafter· § 18 was amended by adding after the word "missiles" the words "or engage in any other game, amusement, or exercise interfering with free, safe, and convenient use of such street or highway by any person traveling or passing along the same;" and after further amendment by striking out and re-arrangement, it (§ 18) became § 37 of the Revised Ordinances.

Section 39 of the Revised Ordinances is a re-enactment of § 23 of the ordinances of 1853 with the addition of a greater number of streets than are enumerated in § 23.

It is the contention of the defendant that the old § 18 (and the new § 37) by the amendment above quoted was made "so broad and comprehensive that it covers any act, the tendency of which is to interfere with the safety and progress of travelers upon the highway;" with the result that § 39 is "absolutely prohibitive against coasting upon the streets named therein, regardless of its effect upon coasters, or upon travelers: [while] § 37 forbids the use of the highway for any games, amusements, or exercise, when the indulgence therein interferes with the free, safe and convenient travel over the same, and places upon those engaged in any game, amusement or exercise the obligation of refraining from interfering with travel, under a penalty." We think § 39 of the Revised Ordinances, in its terms and in the light of the history· of § 37 of the Revised Ordinances, was intended to exclude the act of coasting from the operation of § 37, when such act was confined to streets or places not enumerated in § 39.  It results that the presiding judge rightly refused to direct a verdict for the defendant, and to give any instruction to the jury which was based in whole or in part upon an assumption that the act of coasting upon permitted streets was a violation of § 37, if such act interferes with the ·free, safe and convenient use of such a street or highway by any person travelling or passing along the same; and all exceptions taken thereto must be overruled.

The defendant requested instructions that "There is no presumption in favor of the plaintiff that Eugene Giroux was in the exercise of due care," and that "The plaintiff cannot recover un-

less he proves by a fair preponderance of all the evidence that Eugene Giroux was in the exercise of due care." In this regard the presiding judge instructed the jury as follows: "Eugene Giroux was steering the ripper. Each of the four boys that were behind him, his brother, the little Giroux, and the three Cowleses are affected by Eugene Giroux's conduct. A boy who gets on to, the boys who get on to a bob sled or a double ripper put themselves in the charge of the man who steers; there is a complete surrender of themselves to his management of the double ripper. It is not a position like a man sitting at your side or beside the driver of an auto, or the driver of a horse team, where there is an opportunity to suggest; it is a complete surrender to the management of the double ripper by the boy who is steering, and if that boy steering it mismanages it and harm results, there is no right on the part of any one of the boys on the sled to recover damages. Have that in mind. So as to the boys, the situation is practically the same as to the auto, you centre your attention on to the management of the persons operating the two vehicles, each of the vehicles, bearing in mind that in respect to the sled that the load is affected by any fault on the part of Eugene Giroux that contributed to the injury." This instruction does not necessarily import that the burden of proof was upon the plaintiffs to establish by a fair preponderance of evidence the due care of Giroux, or the fact that there was no presumption in favor of the plaintiffs that he was in the exercise of due care.

The defendant was entitled to an instruction in terms or in unmistakable language that the burden of proof was upon the plaintiffs to establish, by a fair preponderance of evidence, the due care of the driver, Giroux, and the negligence of the defendant; and the exceptions to the failure so to do must be sustained.

*Exceptions sustained.*